Barnard, P. J.
The evidence fails to disclose any neglect upon the part of the defendant which resulted in the accident to plaintiff. On the 27th of February, 1886, at 7.45 in the evening, he returned to his home in Peekskill by train. He proceeded on foot along the sidewalk up Smith street. The night was dark and intensely cold. The plaintiff’s feet suddenly slipped from under him and he fell and sustained injuries. It appeared on the next morn ing that a narrow strip of ice had formed from water which came from one of the adjacent lots some six inches wide and a mere skim. The water was thrown out the evening before (the same evening of the accident) from a house on this lot, and run down there and over the sidewalk and froze The waste water from this house had before this repeatedly run over this sidewalk. The only neglect it will be seen from this particular accident was in not removing ice from a sidewalk which came from water thrown out the same evening on which the accident happened. Such a rigid rule of responsibility is not warranted agairst a municipal corporation. There must be a defect, and it must be of such long continuance as to justify a finding, that the defendant was guilty of negh et in not making a remedy, or actual notice. The proof est"blishes neither of these vital facts. The sidewalk was in perfect order, and well and skillfully laid and entirely free from ice, except at this place that was made slippery by water cast upon it from an adjoining lot in the evening of 27th February, 1886, and at or near eight o’clock the same evening the plaintiff fell upon it. The proof that the water run on the sidewalk at this place on previous occasions did not make out negligence. The defendant is not bound to prevent water from running over its sidewalk at all hazards. The lands here rise from the street, and it is necessary that water should, in wet times, run over the walk, and cold weather coming in suddenly will freeze it. There is scarcely a rural village without considerable spaces of its streets being below the adjacent land on one or the other of its sides. The defendant owes diligent effort to keep its walks safe. Culverts are no protection against the accumulation of ice on the sidewalk, in our extreme winters, with their sudden change of temperature.
The judgment should be set aside and a new trial granted, costs to abide event.
Pratt, J., concurs; Dykman, J., not sitting.